Good morning your honor. I may please the court counsel. I'm Larry Gent from the firm of Williams and Gent in Bozeman, Montana. I'm CJA panel counsel for Mr. Rodriguez. Mr. Rodriguez's appeal this morning presents a categorical challenge to the sentencing guideline that states that when a person has been prosecuted as an adult for an offense committed while they were chronologically a juvenile, so if they're prosecuted as an adult that's treated in the career offender guidelines even though if the local prosecutor decided in his or her discretion not to prosecute them as an adult it wouldn't count. And that's the Mr. Rodriguez as a 17 year old. In other words what we don't we don't take into account the 17 year old conviction? That we don't take it into account and your honor in the guideline it's there's a specific application note that deals with this it's actually application note one that deals with the issue and it deals with with with that. So yeah but the the guideline that we're talking about is 4d 1.1 right? Yes your honor that's the guideline that establishes what a career offender is. Now under the guideline there's no doubt that Mr. Rodriguez committed this offense when he was an adult and that he had a predicate offense, two predicate offenses. The first is a drug offense committed in Yellowstone County and but the one at issue is the conviction as a 17 year old where he along with another fellow named Nava went into a bar in South and Rodriguez basically attacks and kills the other fellow eventually dies another man. The local prosecutor in Billings determined that he should be prosecuted as an adult and that conviction happened in 1979. But through the course of the proceedings and it was he got a four-year sentence it was reduced to 30 years and but he kept he got revoked several times so it happened within the 15-year window which is another criteria 4b 1.1. What about the application note describing prior felony conviction which is a conviction for an offense committed prior to age 18 is an adult conviction if it's classified as an adult conviction under the laws of the jurisdiction? Yes that's right and we don't we don't we don't dispute that it but isn't that it doesn't that negate your argument? No your honor because that's the whole point of of Kimbrough of Spears and the other thing and we talked about taking a categorical approach both under the interestingly enough under the Eighth Amendment jurisprudence under the under the juvenile cases that have recently been decided like Graham versus Florida and under the guidelines 18 USC 3553 looking at what how the court should sentence people and the question before the court is is it right in a guideline rubric that even though the guidelines are now advisory the cases overwhelmingly say for example in Ringo this court said that although Booker had rendered the guidelines advisory it didn't extinguish an object of ensuring nationwide consistency. Gall uses the term again nationwide consistency and your honor in this country there is a nationwide consistency about how we prosecute people as juveniles versus adult. Let me ask you a question so the district court correctly calculated the guideline application right? Yes your honor. There's no quarrel about that? No your honor. And when the district court got to 3553a factors he could have right he wasn't required to he could have. He could have. He could have varied from the guideline range on the basis that this conviction that you're concerned about was committed when he was 17 years when the defendant was 17 years old right? He and he elected he looked at everything and he said in this particular case I'm not going to do that. What's why is that an abuse of discretion? Your honor I don't think that's an abuse of discretion in his individualized look at Mr. Rodriguez as an offender. What I was arguing before the district court and argue today under the statute that it is wrong as a matter of law to treat it basically I'm challenging application note one. You're challenging the constitutional validity of application note? I'm challenging application note one simply because of the fact it leads to inconsistency and it leads to inconsistency. What's the legal foundation for that argument the Eighth Amendment? The Eighth Amendment was raised at the district court. I'm the legal foundation for that argument. It's 18 U.S.C. 3553. I just mentioned 3553. But the courts have looked have looked at those categorical guideline things that did not make sense in the classic example is the 101. Your argument is the judge you're arguing that the judge should reject the policy statement reflected in the applicable application note correct? Yes your honor. Because it leads in disparities. Because it leads to disparities. You presented that argument to the district judge. Yes your honor I did. He didn't buy it? No your honor he didn't. Was he required to buy it? I think in this case he is your honor and I'll tell you why because it's exactly the same case raised in Kimbrough about the 100 to 1 cocaine ratio because in that case the courts I believe have it's exactly the same issue. How is that different that one might ask from the you know the Sentencing Guideline Commission later I think went to a 20 to 1 ratio but the crack cocaine guideline led to such a disparity that it vitiated the aims of the statute which is to gain consistency and to not have disproportional punishment and all the other things under the statute that I won't go into right now and that's my point is that from one state to the next whether a person is prosecuted as a juvenile or not depends on the statutory rubric and on prosecutorial discretion and that's why I think that's wrong and I think that's why it leads to an inconsistency a categorical inconsistency in the way this application no one can be applied from state to state. Part of the rule relies on the defendant's conduct. Yes it does your honor. Excluded that from your list right? The defendant's part of the rule does rely on the defendant's conduct that is in this case we have I think I know where you're getting your honor that we have no quarrel with the fact that his criminal history is a six in other words he would and but still the most nature of the offense is narrow yeah the nature of the offense in this case is that he was he was convicted of two drug sales is what he was convicted of and so the what happened in this case is had mr. Rodriguez been a six and got and because of the career offender enhancement his ultimate sentence was 300 months so it does make a difference and but not because of the criminal history but solely on the application 4b 1.1 if the court has no other questions may I please reserve the balance of my time. You may do so certainly. We'll hear from the your honor I think that the the puzzle that we're we're trying to to put together here really has to do with the question that Judge Pai has asked which is was the district court required to buy that argument obviously disparity if it exists in any case is certainly a factor that the district court needs to consider and it did that issue was raised with the district court and it was considered it's in the sentencing transcript record 20 pages 23 and 24 the district court didn't buy it for a lot of good reasons this is a defendant who has as we've said in our brief a lengthy criminal history a recidivist past and some real problems just dealing with society in general so the district court had a number of reasons other than disparity not to vary from the the argument that Mr. Jen is making really here is that in every case that the career offender designation is given for a youth for a juvenile or an offense committed by a juvenile that gives rise to disparity and I think our response to that is well be that as it may disparity is only one factor among many and this court has cautioned the district courts on a number of occasions not to place all under emphasis on one factor over the others and I think the best case that we've cited in our briefs on that issue is the Treadwell decision from last January where this court said you know even if we were to agree just like in this case that there's a disparity here the district court had a broader task and certainly that's the district that was the district court's task here and it was procedurally sound and from a larger standpoint it was substantively reasonable I don't think the argument has been made judge Paez that there is a constitutional infirmity here I think this is as far as I can see from the briefs an issue of a weighing of the factors and I'm not aware of a court has said in any published decision that the district court has to place the weighing of one factor over another and that's what the defense and that's what the appellant here is asking for if the court has no further questions I will cede the rest of my time. No further questions thank you counsel. Mr. Gent you have some reserve time. Yes your honor thank you first on the issue of disparity a true this court has said that the court shouldn't unduly weight at one factor but in fact if you look carefully at the opinion in Cardi that a disparity has a special a special light in this galaxy of sentencing factors and they read the opinion in Cardi I believe you'll see that and in this case what the the implication that in every case that we're arguing that application note one should be rejected is exactly right I'm arguing for a categorical exclusion on application note one and I think if the court looks at the reasons that juveniles are different under the Eighth Amendment although it's not truly an Eighth Amendment but we look at the Eighth Amendment jurisprudence about why juveniles are different the fact that they're not fully developed as human beings that they're subject to peer pressures that the person this is not punishment for the prior crime prior crime punishment is being applied as an addition to adult conduct that's correct and that's correct your honor it's not punishment for this but the consideration of that juvenile offense some I guess it would be 30 years later in 2009 seems seems at least to me to be inconsistent with the goals of the sentencing guidelines if we're looking for a uniformity between courts if we're looking for consistency quote nationwide consistency that the court emphasized in Gaul and that's why the defendant asked for this relief very well thank you very much counsel the case just argued will be submitted for decision
judges: Beezer, O'scannlain, Paez